FERNANDO FERRARIS, Plaintiff and Appellee, v. AMERICAN RAILROAD COMPANY, Defendant and Appellant.

No. 3623. Argued May 29, 1925.—Decided July 8, 1925.

1. CORPORATION—FOREIGN CORPORATION—HEAD OFFICE—VENUE.—The fact that a foreign corporation has its head office in a certain city does not entitle it to a change of venue in an action brought against it in another district.
2. ID.—ID.—RESIDENCE.—The legal residence of a foreign corporation doing business in this Island is not the place of its center of business, and it has no right to be sued therein.

District Court of Aguadilla, Tomás Bryan, J. Order denying a change of venue. Affirmed.
Mariano Acosta Velarde for the appellant. García Méndez & García Méndez for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

The appellant is a corporation organized in the State of New York and doing business in this Island consisting in the operation of a railroad for the transportation of passengers and freight. An action having been brought against it in the judicial district of Aguadilla for damages which the plaintiff alleges the company caused to his automobile in a collision with one of its trains in the district

of Aguadilla, the corporation moved to transfer the case to the Second District Court of San Juan on the ground that the suit should be prosecuted in this city where its main office is situated.

[1] The question has been decided by this court in several instances and was very carefully considered in the case of *Del Río* v. *Heirs of Cancel,* 33 P.R.R. 8, wherein in reviewing previous decisions and those of several States of the Union we held, as appears from the syllabus, that a foreign corporation has no residence in Porto Rico and the mere fact that its principal office is in San Juan does not entitle it to a change of venue to San Juan by reason of residence. That doctrine is applicable to the present case.

[2] The appellant alleges that according to the Code of Commerce the company has the character of a merchant because its business is the operation of a railroad, and that San Juan being its center of business, it is also its legal residence and it has a right to be sued in San Juan, in accordance with section 78 of the Code of Civil Procedure; but it will suffice to say that although it may be doing business in Porto Rico, its legal residence is not San Juan but the State of New York, as said in the case cited.

The order appealed from must be affirmed.